**E-FILED on** 7/26/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LARRY PANETTA,<br><br>            Plaintiff,<br>    v.<br><br>SAP AMERICA, INC., and DOES 1 through 25, Inclusive,<br><br>            Defendant. | Case No. C-05-01696 RMW<br><br>ORDER TO TRANSFER |

Defendant SAP America, Inc. moves to dismiss plaintiff's complaint, or in the alternative to transfer this case to the Eastern District of Pennsylvania. Plaintiff opposes the motions. The motions were heard on July 8, 2005. The court has read the moving and responding papers and considered the parties' arguments. For the reasons discussed below, the court TRANSFERS this action to the Eastern District of Pennsylvania.

### I.   BACKGROUND

Plaintiff resides in Marietta, Georgia, Compl. ¶ 1; defendant is a corporation headquartered in Newtown Square, Pennsylvania, with regional offices around the country, including Atlanta, Georgia and Palo Alto, California. Iacoviello Decl. ¶ 1. From April 1995 to August 2004, defendant employed plaintiff as a Solutions Engineer. *Id.* at ¶ 2. For the duration of his employment, plaintiff worked at defendant's regional office in Atlanta, Georgia. *Id.*

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF

1    While employed by defendant, plaintiff received a base salary as well as commissions for
2 completed sales. Compl. ¶ 4. Plaintiff claims that he did not receive the correct commission amount on a
3 large account he had been working on. *Id.* at ¶ 8. He further contends that his employment was wrongfully
4 terminated shortly after he complained about the deficiency. *Id.* at ¶ 17. From 2000 to 2004, plaintiff
5 claims that he primarily worked on defendant's United States Postal Service ("USPS") account. *Id.* at ¶ 5.
6 In July 2004, plaintiff finalized a contract with the USPS for approximately $15 million. *Id.* at ¶ 7. In the
7 course of contract negotiation with the USPS, plaintiff made presentations throughout the country, the
8 majority of which were held in the USPS headquarters in Washington, D.C. Iacoviello Decl. ¶ 5. Plaintiff
9 made one presentation for this contract in California, which took place in San Mateo. *Id.*

10    Mathew Iacoviello is a Vice President of Solutions at SAP and managed plaintiff while he was a
11 Solution Engineer. *Id.* at ¶ 1. He also assists in the implementation of sales compensation plans provided
12 for defendant's Solutions Engineer employees. *Id.* Iacoviello works in Newtown Square, Pennsylvania and
13 resides in the Drexel Hill, Pennsylvania. *Id.* at ¶ 2. While the USPS deal was in progress, plaintiff was
14 specifically instructed by Iacoviello that the USPS deal would yield commissions for plaintiff that would
15 "more than make up for all the years of effort and lost opportunities," which, plaintiff contends, encouraged
16 him to pass up other opportunities for commissions. *Id.* at ¶ 6. However, when plaintiff received his share
17 of the commission, he claims it was significantly less than he believed he was owed. Compl. ¶ 7.

18    Sales compensation plans are created for defendant's employees each year. Iacoviello Decl. at ¶ 3.
19 Plaintiff had expected to receive a commission on the USPS contract of approximately $250,000 based on
20 the 2003 Sales Compensation Plan that he received and accepted the previous year. *Id.* at ¶ 3, Exs. A &
21 B. The 2003 Sales Compensation Plan provided for a 1% commission for employees of the total revenue
22 realized by defendant for the closing of software licensing deals during 2003. *Id.* at ¶ 3. The commission
23 was to be divided between the employees participating in closing the deal. *Id.*

24    The 2004 Sales Compensation Plan changed the commission system to a variable incentive plan.
25 *Id.* at ¶ 4. Defendant claims that on January 13, 2004, Iacoviello communicated the 2004 Sales
26 Compensation Plan to plaintiff. *Id.* Under the new plan, defendant paid plaintiff a commission of
27 $12,400.00 for the USPS deal. Compl. ¶ 10. Plaintiff acknowledges that he received a copy of the 2004

28

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF                                              2

Sales Compensation Plan and continued his employment with defendant, but that he did not formally accept the Plan's terms. Iacoviello Decl. ¶ 4.

Plaintiff complained to Iacoviello about the commission structure changes. Compl. ¶ 8. In response to plaintiff's complaints, on July 14, 2004, Iacoviello wrote an e-mail that plaintiff alleges was an implied threat to his job security. *Id.* at ¶ 9. The e-mail stated that further complaints from plaintiff would result in a "conversation in a more formal setting" between plaintiff and Iacoviello. *Id.* He claims that SAP thereafter terminated his employment in August 2004 to avoid having to pay the appropriate commission. *Id.* at ¶¶ 8, 10.

Both the 2003 and 2004 Sales Compensation Plans contain a choice-of-law and mandatory forum-selection clause. Iacoviello Decl. Ex. A at ¶¶ 9-10; *id.* Ex. C at ¶ 9. The wording of the forum-selection clause is identical in both plans and reads as follows:

> The provisions of the Plan shall be construed, administered and enforced according to applicable Federal law and the laws of the Commonwealth of Pennsylvania without regard to its conflict of law rules. Any action or proceeding relating to this Plan and to any agreement relating to this Plan (a) will be solely brought in the courts located in the Commonwealth of Pennsylvania either in the United States District Court for the Eastern District of Pennsylvania or in the Court of Common Pleas of Delaware County (b) will be heard solely before a judge without any jury, advisory or otherwise, and (c) may not be brought later than one year after the issue arose to which such action or proceeding relates.

*Id.* Pursuant to the forum-selection clause, all actions related to the sales compensation agreements must be brought in United States District Court for the Eastern District of Pennsylvania or the Court of Common Pleas of Delaware County, Pennsylvania. *Id.*

Plaintiff filed an action on March 25, 2005 in Santa Clara Superior Court alleging breach of contract, breach of the California Labor Code, and wrongful termination in violation of public policy. Compl. ¶¶ 12, 14, 20. Defendant removed the case to this court based on diversity jurisdiction. On May 12, 2005, defendant filed the instant motion to dismiss based on improper venue under the Federal Rules of Civil Procedure 12(b)(3), or alternatively to transfer the case to the Eastern District of Pennsylvania.

## II.  ANALYSIS

### A.  Improper Venue Under Rule 12(b)(3)

Defendant moves first to dismiss the complaint for improper venue. Rule 12 provides that the court may dismiss a complaint for lack of proper venue. Fed. R. Civ. P. 12(b)(3). The general venue statute

provides that venue is proper in any judicial district where any defendant resides, if all defendants reside in the same state, or in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). For venue purposes, a corporation is deemed to reside in any judicial district where it would be subject to personal jurisdiction, and in states such as California that have more than one judicial district, a corporation is deemed to reside in any district within the state with which its contacts would be sufficient to subject it to personal jurisdiction if the district were a separate state. 28 U.S.C. § 1391(c).

### 1.     Effect of a Forum Selection Clause

The presence of a forum-selection clause is a valid basis for bringing a motion to dismiss for improper venue. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The governing law that should be applied in diversity cases where a forum-selection clause is present is federal law. *Manetti-Farrow, Inc. v. Gucci. Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).[1] When parties consent to a forum-selection clause, courts find these clauses presumptively valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Manetti-Farrow*, 858 F.2d at 512. Although a forum-selection clause is considered a ground for a motion to dismiss for improper venue, the court can refuse to apply the forum-selection clause when enforcement would be clearly "unreasonable and unjust, or the clause is invalid for such reasons as fraud or overreaching." *Bremen*, 407 U.S. at 15.

Three factors are used to determine if a forum-selection clause is unreasonable: (1) incorporation of a forum-selection clause into the contract as a result of fraud, undue influence or overweening bargaining power; (2) the forum selected is gravely difficult and so inconvenient that it will deprive the complaining party of his or her day in court; or (3) public policy prohibits the enforcement of the clause in the agreed upon forum. *Arguenta*, 87 F.3d at 325; *Bremen*, 407 U.S. at 12-18.

---

[1] Although the circuits are split on this issue, the Ninth Circuit has clearly determined that federal law is preferable when determining matters of venue. *Id.; see also Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990) (holding that federal law dictates venue issues); *but see Alexander Proudfoot CO. v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989) (holding that state law governs if forum-selection clauses confer personal jurisdiction because state "long arm" standards govern issues of personal jurisdiction in the federal courts); *General Engineering Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 356 (3d Cir. 1986) (holding that when a forum-selection clause confers personal jurisdiction because of "long-arm" standards, state law governs).

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF                                                                  4

### 2. Defendant's Forum Selection Clause

Defendant does not contest that it would be subject to the personal jurisdiction of the California courts because it maintains an office in Palo Alto, California. Iacoviello Decl. ¶ 1. However, defendant contends that forum-selection clauses are presumptively valid, absent fraud, inconvenience to the complaining party, or violation of public policy. *Bremen*, 407 U.S. at 15; *Argueta*, 87 F.3d at 325.

Plaintiff claims that defendant had "overwhelming bargaining power" over him, and therefore the forum-selection clause should be discounted. Pl. Opp. at 4. However, "take it or leave it" adhesion contracts do not necessarily render a forum-selection clause unenforceable. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991). These agreements are enforceable as long as they are not "unreasonable." *See id.; Batchelder v. Kawamoto*, 147 F.3d 915, 919 (9th Cir. 1998). Reasonableness in adhesion contracts depends on whether the clause was "reasonably communicated" to the plaintiff. *Carnival*, 499 U.S. at 595. Plaintiff admits that he formally accepted the 2003 Plan and that he received and read a copy of the 2004 Plan. Compl. ¶ 5. There is no indication that the forum-selection clauses in the 2004 or 2003 Sales Compensation Plans were unreasonable.

When a party brings a motion to dismiss for improper venue, or in the alternative to transfer venue, the "usual procedure should be transfer rather than dismissal." 15 C. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 3827, p. 274 (2d ed. 1986); *see generally Enterprise Rent-A-Car v. Stowell*, 137 F. Supp. 2d 1151 (D. Mo. 2001); *United States ex rel. Tech Coatings v. Miller-Stauch Constr. Co.*, 904 F. Supp. 1209 (D. Kan. 1995). Even when there is a valid forum-selection clause that is sufficient to dismiss an action under Rule 12(b)(3), the court may refuse to do so. 15 C. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE at § 3827. The preferred practice is transfer because it "is generally considered to be more in the 'interest of justice' than dismissal and, therefore, doubts should be resolved in favor of preserving the action, particularly where it appears that venue may be properly laid in the proposed transferee district." *Id.* at n.28 (citing STUDY OF THE DIV. OF JURISDICTION BETWEEN STATE AND FEDERAL COURTS 224 (Am. Law Inst. Official Draft 1969)). Therefore, despite the existence of an apparently valid a forum selection clause, this matter should be transferred to a more appropriate district, instead of dismissed under Rule 12(b)(3).

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF                          5

### B.    Motion to Transfer

In the alternative, defendant seeks transfer to the Eastern District of Pennsylvania based on the forum-selection clause. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). For a party to succeed in a motion to transfer under section 1404(a), the defendant must prove that "the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman*, 363 U.S. at 343-44. The parties do not appear to dispute that the action could have been brought in the Eastern District of Pennsylvania.

This determination is made by the court on a case-by-case basis, considering the convenience and fairness of the alternative forum. *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). Pursuant to the statute, the court must consider three factors in a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. 28 U.S.C. § 1404(a). The presence of a forum-selection clause may also be considered. *Id.* Under section 1404(a), the court has the discretion to determine which district is most appropriate for transfer of the action, "notwithstanding the counterweight of a forum-selection clause." *Id.* at 30-31.

#### 1.    Convenience of the Parties

The Northern District of California is not a convenient forum for either party in this case. Plaintiff is a resident of Atlanta, Georgia. Compl. ¶ 1. Defendant, on the other hand, is headquartered in Newtown Square, Pennsylvania, but has offices distributed throughout the country, one of which is in Palo Alto, California. Iacoviello Decl. ¶ 1. Though defendant is a large corporation with an office in California, an action directed at the corporation itself and arising from documents that were produced in Pennsylvania would not be best adjudicated in this forum. The majority of presentations were made in Washington, D.C. at USPS's headquarters, and plaintiff has stated no facts that indicate that his presentation in California was particularly important to this case. Iacoviello Decl. ¶ 5. The distance that plaintiff would have to travel to litigate this action in Pennsylvania would be significantly less than the distance to California. Additionally, pursuant to the forum-selection clause, Pennsylvania state law applies to this action and therefore it would be in the interest of the parties to try this case in the state whose laws will be applied. *Id.* Exs. A & C.

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF                                                        6

### 2. Convenience of the Witnesses

The location of the witnesses in this case also favors a venue transfer to the Eastern District of Pennsylvania. Mathew Iacoviello, plaintiff's manager at SAP America, works and resides in the State of Pennsylvania. Iacoviello Decl. ¶ 1. Additionally, some of defendant's senior executives contributed to the creation of the variable incentive plan for Solution Engineers, including John Nugent, Executive Vice President of Sales, Terry Laudal, Senior Vice President of Human Resources, Ken Hamel, Senior Vice President of Solutions, and Brigette McInnis-Day, Director of Rewards and Recognition. Iacoviello Decl. ¶ 4. All of these individuals reside and work in Pennsylvania, except for Mr. Hamel, who works out of the Massachusetts regional office, and resides in that state. *Id.* Two of plaintiff's claims revolve around the assertion that defendant's 2004 Sales Compensation Plan deprived him of his commission on the USPS deal. Compl. ¶ 1. These executives may be called as witnesses during trial because of their knowledge of the 2004 Plan that plaintiff contests.

Plaintiff notes that he is a potential witness who does not reside in Pennsylvania. Pl. Opp. at 5. However, plaintiff is no more inconvenienced as a potential witness by a Pennsylvania forum than by a California forum. In fact, Pennsylvania is closer to his home state. All other witnesses identified to the court appear to live in either Pennsylvania, Massachusetts, or Georgia. Plaintiff does not assert that any witness resides in California.

### 3. Interests of Justice

Plaintiff argues that the interests of justice require the denial of defendant's motion to transfer. Specifically, he argues the following factors favor a California forum: plaintiff's choice of forum; the location of plaintiff's attorney; and California's interest in this suit. Pl. Opp. at 5. First, under section 1404(a), there is significant deference given to the plaintiff's choice of forum, and courts will not usually disturb this choice unless transfer factors heavily favor a venue elsewhere. *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). Deference to plaintiff's choice of forum is, however, significantly diminished when plaintiff initiates an action in a state in which he or she is not a resident. *Pac. Car & Foundry Co. v. Spence*, 403 F.2d 949, 954 (9th Cir. 1968). Plaintiff is a Georgia resident who has chosen to bring an action in California, therefore, deference to his choice of forum carries diminished weight.

1  The second issue raised by plaintiff is that his choice in forum should not be disturbed because he
2  has selected an attorney in California.  Pl. Opp. at 5.  However, the location of plaintiff's counsel is
3  immaterial to a determination of the convenience and justice of a particular forum.  *See Soloman v. Cont.*
4  *Amer.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("The convenience of counsel is not a factor to be
5  considered."); *In re Horseshoe Ent.*, 305 F.3d 354, 358 (5th Cir. 2002) (The factor of "location of
6  counsel" is irrelevant and improper for consideration in determining the question of transfer of venue.").
7  Defendant points out that plaintiff's attorney can practice *pro hac vice* in the Pennsylvania should the court
8  transfer this action.  Def. Reply at 5.
9  Third, plaintiff argues that California has an interest in preventing the deprivation of benefits to
10 laborers in the state.  Pl. Opp. at 5.  However, plaintiff resides and worked in Georgia, and his only contact
11 with California was a single business presentation.  Iacoviello Decl. ¶ 5.  Plaintiff is not a resident of
12 California, and his single presentation for defendant is not adequate to assert that California has a substantial
13 interest in hearing this action.  Iacoviello Decl. ¶ 5.

### 4. **Effect of Forum-Selection Clause**

15 The court may consider the existence of a forum-selection clause established between the parties as
16 a "significant factor," but it is not dispositive for transfer purposes.  *Stewart*, 487 U.S. at 29-30; *see also*
17 *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  Whether or not plaintiff
18 accepted the 2004 Sales Compensation Plan, the 2003 Plan contains the same forum-selection clause
19 requiring litigation to take place in Pennsylvania.  Iacoviello Decl. Ex. A at 9; *Id.* Ex. C at 9.  Plaintiff
20 explicitly accepted the 2003 Plan, and the forum-selection clause within, in an e-mail to Mr. Iacoviello.  *Id.*
21 at Ex. B.  The clauses require that "any action or proceeding relating to this Plan and to any agreement
22 relating to this Plan (a) will be solely brought" within specified forums determined by the clause.  *Id.* at Ex.
23 A at 9; *id.* Ex. C at 9.
24 A mandatory forum-selection clause contains "language [that] must clearly demonstrate the parties'
25 intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501,
26 504 (5th Cir. 2004); *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (holding that
27 the use of the word "venue" in a forum-selection clause is preferable when determining if it is mandatory, but
28 finding a clause to be mandatory that "clearly demonstrate[s] the parties' intent to make that jurisdiction

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF                                                                8

1  exclusive."). Although defendant's forum-selection clause does not explicitly state that jurisdiction in the

2  Eastern District of Pennsylvania will be "exclusive," its language indicates that "[a]ny action or proceeding

3  relating to this Plan and to any agreement relating to this Plan (a) will be solely brought in the courts located

4  in the Commonwealth of Pennsylvania either in the United States District Court for the Eastern District of

5  Pennsylvania or in the Court of Common Pleas of Delaware County." Iacoviello Decl. Ex. A at ¶¶ 9-10;

6  *id.* Ex. C at ¶ 9.

7  The disputes brought by plaintiff are covered by the forum-selection clause because tort claims

8  relating to rights and duties described under a contract apply under a forum-selection clause. *Maneti-*

9  *Farrow*, 858 F.2d at 514. The 2003 and 2004 Plans contain mandatory forum-selection clauses that

10  require this dispute be adjudicated in the Eastern District of Pennsylvania, and should be considered as

11  significant factors.

12  **5.    Whether Alternative Venue is Proper**

13  There are a number of factors that may be used to establish whether an alternative venue is proper.

14  These factors include: (1) the location where the relevant agreements were negotiated and executed; (2) the

15  state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective

16  parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen

17  forum; (6) the difference in the costs of litigation in the two fora; (7) the availability of compulsory process

18  to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

19  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see, e.g.*, *Stewart*, 487 U.S. at

20  29-31.

21  The first factor used to determine proper forum, the location where relevant agreements were

22  negotiated and executed, favors the Eastern District of Pennsylvania. *Jones*, 211 F.3d at 498-99. Plaintiff

23  contests defendant's 2004 Sales Compensation Plan. Compl. ¶ 10. Both the 2003 and 2004 Plans were

24  drafted by defendant's employees in Newtown Square, Pennsylvania. Iacoviello Decl. ¶ 4. Plaintiff does

25  not contend that the USPS deal was closed in California. He only claims that one presentation was made

26  to the USPS in California, Compl. ¶ 3, while defendant argues that a majority of the presentations took

27  place in Washington, D.C. Iacoviello Decl. ¶ 5. It appears that relevant agreements were negotiated and

28

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF                                                  9

executed in Pennsylvania and Washington, D.C. However, plaintiff has failed to prove that any agreements were executed or negotiated in California.[2]

In accordance with the fourth factor, plaintiff has had limited contacts with both California and Pennsylvania. *Jones*, 211 F.3d at 498-99. Plaintiff asserts that his only contact with California was to make a presentation in San Mateo for the USPS deal. *Id.* Neither plaintiff or defendant claim that plaintiff has ever been to Pennsylvania. Therefore, this factor does not favor either party.

The fifth factor examines the relationship between the forum and plaintiff's cause of action. *Jones*, 211 F.3d at 498-99. Plaintiff brings three claims for breach of contract, breach of the California Labor Code, and wrongful termination. Compl. ¶¶ 12, 14, 20. These causes of action, however, are unrelated to the California forum. Rather, the actions giving rise to plaintiff's cause of action are a result of the 2004 Sales Compensation Plan that was formulated by defendant in Pennsylvania. Iacoviello Decl. ¶ 5. Plaintiff's California presentation to the USPS is unrelated because the 2004 Plan changed the commission system that plaintiff alleges deprived him of profits defendant owed to him. Likewise, the decision to terminate plaintiff's employment was likely made at least in part in Pennsylvania, Georgia, or both. Iacoviello Decl. ¶ 6. The lack of contacts between plaintiff's causes of action and California supports a transfer to the Eastern District of Pennsylvania.

The sixth factor in *Jones* looks at the difference in the cost of litigation in the two proposed forums. 211 F.3d at 498-99. Defendant argues, unopposed by plaintiff, that the costs of litigation would be less for both parties in Pennsylvania. Mot. to Dismiss at 10. Plaintiff is a resident of Atlanta, Georgia, so it is likely that transportation costs for plaintiff would be higher if he were to litigate in California than in Pennsylvania. Defendant, on the other hand, has named multiple persons from Pennsylvania and Massachusetts who will most likely be named as witnesses in this action. Iacoviello Decl. ¶ 4. Pennsylvania would be a much more

---

[2] The second factor that examines which forum "is most familiar with the governing law." *Jones*, 211 F.3d at 498-99. It is not clear which law governs in this case because it is disputed between the parties. The third factor deals with the plaintiff's choice of forum, which is discussed and determined to be minimally relevant to the reasonableness of a proposed forum. *Id.*

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF                                                                 10

convenient forum for these witnesses and plaintiff fails to name witnesses who would be inconvenienced by an action in Pennsylvania.[3]  This factor favors transfer to the Eastern District of Pennsylvania.[4]

Finally, the eighth factor regarding the ease of access to documentation relevant to the action is a contested between the parties.  *Jones*, 211 F.3d at 498-99.  Defendant argues that all of the documents pertaining to the Sales Compensation Plans and plaintiff's employment are located in Pennsylvania.  Mot. to Dismiss at 10.  However, plaintiff argues that the existence of documents in Pennsylvania would not prevent them from being transported to California as documents are easily moved.  Pl. Opp. at 5.  There is no showing by defendant that the documents are so numerous or organized in as such a manner that it would be extremely inconvenient to transport them to California.  Therefore, this factor does not favor either party in determining whether a transfer is appropriate.

When the relevant factors are weighed against one another, it appears that plaintiff does not have a connection to California that is significant with respect to the resolution of this action.  Pennsylvania is the center in which both important documents and witnesses to this action reside.  Plaintiff is unable to assert a sufficient reason why he would be prevented from litigating this action in Pennsylvania.  Finally, defendant and plaintiff entered into a valid agreement containing a forum-selection clause in 2003 and potentially in 2004.  Plaintiff has failed to produce evidence of fraud, undue influence, or overweening bargaining power that would prevent enforcement of the forum-selection clause.  Thus, the court concludes that transferring this action to the Eastern District of Pennsylvania is the proper course of action.

---

[3] Plaintiff notes inconvenience to his attorney who is a California resident, but this issue is addressed and dismissed as irrelevant *supra*.

[4] Defendant argues, unopposed by plaintiff, that the subpoena process under the Federal Rules of Civil Procedure afford the same opportunity in Pennsylvania as in California to compel unwilling witnesses.  Mot. to Dismiss at 10.

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF                                                                11

### III.  ORDER

For the foregoing reasons, the court transfers the action to the United States District Court for the Eastern District of Pennsylvania. The clerk shall forward a copy of the court file and this order to the Eastern District of Pennsylvania.

DATED:      7/20/05                        /s/ Ronald M. Whyte
                                            RONALD M. WHYTE
                                            United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Michael J. Korda                mjkorda@pacbell.net

**Counsel for Defendant:**

Brian Lee Johnsrud              bjohnsrud@morganlewis.com
Melinda S. Riechert             mriechert@morganlewis.com
Mona M. Badani   mbadani@morganlewis.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 7/26/05                    /s/ MAG
                                **Chambers of Judge Whyte**

ORDER OF TRANSFER
No. C-05-01696 RMW
ERF                                   13